**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEWIRTH, LCC, et al.,<br><br>Defendants. | No. 2:24-cv-08514-DSF-MAR<br><br>Order GRANTING in Part Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. 25) |

Plaintiffs, a pension and a health care fund for screenwriters, move for an award of attorneys' fees against Defendants Newirth, LLC and Will Dreamly Entertainment, LLC. Dkt. 25-1 (Mot.). The Motion is unopposed, and the Court previously entered a default judgment against each Defendant in this Employee Retirement Income Security Act (ERISA) action. Dkt. 23. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is GRANTED in part.

## I. Legal Standard

Under ERISA, an award of reasonable attorneys' fees and costs is mandatory. See 29 U.S.C. § 1132(g)(2)(D). In this case, the Court must use the lodestar method to calculate reasonable attorneys' fees. See Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018) ("If a party seeks a fee 'in excess of' the schedule [set forth in Local Rule

55-3] and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable fee'" calculated under the lodestar method.). The lodestar method calculates attorneys' fees by multiplying the hours reasonably spent on the litigation by each attorney's reasonable hourly rate. Id. at 1160.

## II. Discussion

Plaintiffs request $30,700 in attorneys' fees, representing 57.2 hours of work performed by attorneys Katherine McDonough, Jessica Alvarez, and Harjot Kaur, and senior paralegal Rochelle Carter. See Mot. at 2; Dkt. 25-2 (McDonough Decl.) ¶¶ 3-7, Ex. 1. Plaintiffs do not include costs in their request. See Mot. at 2, 6.

### A. Hourly Rate

Under the lodestar method, "the district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." Schwarz v. Sec'y of Health and Human Servs., 73 F.3d 895, 906 (9th Cir. 1995) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), amended, 808 F.2d 1373 (9th Cir.1987)). The appropriate rate should be calculated according to the prevailing market rates in the community in which the district court sits. Id.

Plaintiffs seek $700 per hour for work performed by attorney Katherine McDonough, a shareholder of Kraw Law Group, APC with over twenty-three years of experience representing employees, unions, and Taft-Hartley ERISA benefit funds in arbitrations and before state and federal courts. McDonough Decl. ¶ 3. Plaintiffs seek $550 per hour for work performed by attorney Jessica Alvarez, a 2016 graduate of McGeorge School of Law, University of the Pacific with approximately eight years of experience litigating before administrative bodies and state and federal courts, which includes four years exclusively representing Taft-Hartley ERISA benefit funds. Id. ¶¶ 4-5. Plaintiffs seek $400 per hour for work performed by attorney Harjot Kaur, a 2023 graduate of University of California, College of Law with a practice focused exclusively on ERISA benefit plan litigation. Id. ¶ 7.

Plaintiffs seek $250 per hour for work performed by senior paralegal Rochelle Carter, who has eighteen years of experience as a litigation paralegal and assists with all litigation matters at Kraw Law Group. Id. ¶ 6.

Plaintiffs argue that, considering the background and experience of each timekeeper, these rates are reasonable for an ERISA case in the Central District. In support of their proffered rates, Plaintiffs cite the rates published in the 2023 Real Rate Report, a CEB/Wolters Kluwer publication, and offer examples of ERISA cases from this district where rates equal to, or greater than, the rates they seek were approved for counsel of similar background and experience. See Mot. at 4-6.

The Court finds the 2024 Real Rate Report to be an appropriate barometer of reasonable rates in this district in the relevant timeframe because it is based on actual legal billing, matter information, and paid and processed invoices from a wide range of law firms. See Wolters Kluwer, Real Rate Report 5 (2024). According to the report, the median hourly rate for employment and labor attorneys in Los Angeles is $695 for partners, and $529 for associates. Id. at 120. The median rate for partners in Los Angeles with twenty-one or more years of experience is $875, and the median rate for associates in Los Angeles with more than three but less than seven years of experience is $755. Id. at 57, 62. The nationwide median rate for non-litigation ERISA attorneys is $684 for partners, and $440 for associates. Id. at 38. For employment and labor litigation paralegals, the nationwide median is $258. Id. at 39.

Based on Plaintiffs' submissions and the 2024 Real Rate Report, the Court approves the requested hourly rates.

**B. Hours Billed**

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001). "The district court may not uncritically accept the number of hours claimed by the prevailing party, even if actually spent on the

litigation, but must, in order to award fees based on them, find that the time actually spent was reasonably necessary." Carson v. Billings Police Dep't, 470 F.3d 889, 893 (9th Cir. 2006) (cleaned up). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013). The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." Id.

Plaintiffs provide a summary of billing entries indicating their counsel spent 57.2 hours litigating this matter. See McDonough Decl. Ex. 1 at 7. Plaintiffs argue their request for 57.2 hours is reasonable because approximately 41 of those hours were spent drafting the complaint and researching, drafting, and calculating amounts for the motions for default judgment and attorneys' fees, and the remaining 16.2 hours requested were "spent serving the defendants and engaging in settlement negotiations with the defendants that were ultimately unsuccessful." Mot. at 6. But the Court has carefully reviewed the billing entries, and the entries described as being related to settlement negotiations amount to only 2.2 hours. See generally Ex. 1.[1] Billing 14 hours for serving two defendants is excessive by any measure, and more so here, where there is no indication that service was unusually complicated. Plaintiffs' arguments are further undermined by multiple billing entries that indicate overbilling or duplicative work. Perhaps the most glaring are an entry of 0.6 hours for "attention to order taking hearing under submission" and another that bills 0.5 hours for "attention" and "correspondence" concerning the Court's issuance of

---

[1] Ms. McDonough billed 2.2 hours related to settlement negotiations: 0.3 on Dec. 18, 2024, 0.2 on Dec. 19, 2024, 0.2 on Dec. 18, 2024, 0.2 on Dec. 12, 2024, 0.3 on Dec. 17, 2024, 0.2 on Dec. 18, 2024, 0.1 on Dec. 18, 2024, 0.1 on Dec. 6, 2024, 0.1 on Dec. 17, 2024, and 0.5 on Jan. 3, 2025. See Ex. 1.

default judgment. See e.g., id. at 7. These simple tasks should have been completed in far less time.

Because the requested hourly rates vary across four timekeepers, a line-by-line analysis would be exceedingly complicated, made even more so by the inclusion of block billed time entries. For this reason, the Court declines to perform an hour-by-hour analysis, and instead reduces the fee request by 10% for a total award of $27,630. See Gonzalez, 729 F.3d at 1203 ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for attorneys' fees is GRANTED in part. Plaintiffs are awarded $27,630 in attorneys' fees.

IT IS SO ORDERED.

Date: July 2, 2025

Dale S. Fischer
United States District Judge